IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES ROWSEY                                                                     PLAINTIFF

versus                                                        CIVIL ACTION NO. 2:06cv200-MTP

JAMES M. NORRIS, ET AL.                                                  DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the court on a motion to amend/correct filed by plaintiff [44],[1] a motion for summary judgment [43] filed by plaintiff and a motion for summary judgment [40] filed by defendants.  Having reviewed the submissions of the parties and the applicable law, the court finds that plaintiff's motion to amend/correct should be granted, plaintiff's motion for summary judgment should be denied, defendants' motion for summary judgment should be granted, and plaintiff's claims against defendants should be dismissed with prejudice.[2]

FACTUAL BACKGROUND

Plaintiff James Rowsey was at all relevant times incarcerated at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.  On August 29, 2006, plaintiff filed suit *pro se*, pursuant to 42 U.S.C. § 1983, claiming that funds were improperly removed from his prison account by defendant James Norris, and that the other defendants - Charles Scarborough, Ronald King and Christopher Epps - were made aware of the situation after

_____

[1] In the motion to amend, plaintiff submits some additional documents in support of his claim that funds were improperly removed from his prison account.

[2]  The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [35], the court is authorized to enter final judgment pursuant to Fed. R. Civ. P. 73 and Local Rule 73.1.

plaintiff filed the instant lawsuit, but they failed to do anything about it.[3]  On October 10, 2007,

defendants filed a motion for summary judgment [40].  Plaintiff filed a motion for summary

judgment [43] on October 18, 2007.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c).  Summary judgment is proper "where a party fails to establish the

existence of an element essential to his case and on which he bears the burden of proof."

*Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete

failure of proof on an essential element renders all other facts immaterial because there

is no longer a genuine issue of material fact."  *Id.*

A court may grant summary judgment only if, viewing the facts in a light most favorable

to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that

he is entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir.

---

[3] Initially, it was unclear whether plaintiff also was alleging that he had been improperly denied A-custody status through a miscalculation of his "points," a claim that was the subject of a previous lawsuit brought by plaintiff in the Circuit Court of Greene County.  However, at an omnibus hearing held on August 7, 2007 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), plaintiff stated that his only claims in the instant case related to the alleged unlawful removal of money from his account by defendant Norris.  Thus, this claim relating to plaintiff's A-custody status is not before the court.  *See Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec, 2, 1998) (holding that claims made in original complaint that are not realleged at *Spears* hearing are not properly before the court); *see also Lee v. Hennigan*, 98 Fed. Appx. 286, 287 (5th Cir. Apr. 14, 2004) ("A *Spears* hearing is 'in the nature of an amended complaint or a more definite statement.'") (citation omitted); *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (prisoner's testimony at *Spears* hearing is incorporated into his pleadings).  Further, in a motion to clarify [42] filed on October 18, 2007, plaintiff stated with respect to the allegedly unlawful charge placed upon his account: "It is this violation that plaintiff is placing before this Court."

1995).   If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must  "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues."  *Id.* at 712 (*quoting U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts.  In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

As clarified at the *Spears* hearing, plaintiff claims that defendant Norris wrongfully deducted, without notice or a hearing, funds from his prison account in connection with an action pending in the Circuit Court of Greene County, in which plaintiff was seeking review of the denial of his A-custody status (*Rowsey v. Epps, et al.*, Cause No. 2005-11-125(2)).  According to plaintiff, Mr. Norris was the attorney who was representing the defendants (Charles Scarborough, Ronald King and Christopher Epps) in that Greene County lawsuit.[4]  Plaintiff alleges that on

---

[4] Mr. Norris is employed by the MDOC as a Senior Attorney, defending the MDOC in state court civil litigation.  *See* Affidavit of James Norris dated October 10, 2007 ("Norris Affidavit"), attached as Exhibit G to defendants' motion for summary judgment.

November 21, 2005, a charge ($ 7.84) was placed on his inmate account at Mr. Norris' direction, without court order and in violation of his due process rights.

A review of the record in this case reveals that on November 21, 2005, defendant Norris sent a memo to Tammy Robinson (who works in Inmate Accounts at SMCI), notifying her that Miss. Code Ann. § 47-5-76[5] had been changed and that effective March 16, 2005, the MDOC must deduct 20% of the funds from the account of any inmate who files a civil action against the MDOC or its employees, until all court costs and fees are paid.  Accordingly, Mr. Norris instructed Ms. Robinson to deduct the appropriate funds from plaintiff's account until the $95 filing fee had been paid in his Greene County matter.  *See* docket no. 44, p. 3.  In his affidavit submitted in support of defendants' motion for summary judgment, defendant Norris explained that Mr. Rowsey had filed his Greene County lawsuit without paying fees or costs, and that pursuant to Miss. Code Ann. § 47-5-76(2) and MDOC Policy and Procedure 20-09, the MDOC was requiring Mr. Rowsey to "pay twenty percent (20%) per month of the funds in his or her inmate account until all filing fees and costs of his or her litigation are paid to the department." Mr. Norris further avers that he explained this to plaintiff before he filed the litigation.  Plaintiff does not dispute these averments.

On November 1, 2005, in connection with his Application to Proceed *In Forma Pauperis* in the Greene County matter, plaintiff signed a "Financial Authorization" in which he authorized the Clerk of the Court to obtain from the MDOC information about his inmate account, until the filing fee is paid.  Significantly, that document also states the following:  "I also, authorize the

---

[5] Miss. Code Ann. § 47-5-76, which became effective on March 16, 2005, provides that where an inmate is proceeding in forma pauperis, the MDOC shall pay his court costs and the inmate shall pay 20% per month of the funds in his inmate account to the MDOC until all filing fees and costs of his litigation are paid to the department.  The MDOC is authorized to withdraw such funds automatically from the inmate's account.  Pursuant to that statutory section, MDOC Policy 20-09 provides that it is the MDOC's policy "to require offenders to pay all or part of the court costs incurred in certain civil actions.  *See* Exhibit A to Norris Affidavit.

4

agency having custody of my person to withdraw funds from my account and forward payments to the Clerk of Court, in accord with section 47-5-76 of the Mississippi Code Annotated." *See* docket 1, p. 13.   The records of plaintiff's inmate account reflect that on November 29, 2005, his account was charged $ 7.84 in relation to the Greene County matter.  This represented 20% of plaintiff's existing balance of $ 39.20.  *See* docket no. 7-2 (Inmate Account Statement), p. 7.  ).

On March 27, 2006, a memo was sent to plaintiff from the Greene County Circuit Clerk stating that her office had not received any money on his account.  *See* docket no. 7-2. Thereafter, the Clerk sent a letter to Mr. Norris dated July 20, 2006, enclosing an invoice in the amount of $2,790.00, pertaining to civil cases filed by inmates against MDOC employees.  The invoice indicated that there was $93.00 due on the Rowsey matter.[6]  *See* Exhibit E to defendants' motion for summary judgment.  That $93.00 was paid by check by the State of Mississippi and received by the Greene County Circuit Clerk on October 17, 2006.  *See* Exhibit F to defendants' motion for summary judgment.

Based on the foregoing, it is clear that plaintiff's claim has no merit.  As set forth above, where a prisoner is proceeding *in forma pauperis* in a civil action against an MDOC employee, Mississippi statute provides that the MDOC shall pay all costs of court assessed against the inmate, that the inmate shall pay twenty (20%) per month of the funds in his inmate account to the MDOC until all filing fees and costs are paid to the MDOC, and that the MDOC may withdraw such funds automatically from the inmate's account.  The records before the court demonstrate that the MDOC has paid $ 93.00 to the Greene County Circuit Clerk on plaintiff's

---

[6] This was comprised of the following charges:  $ 75.00 clerk's fee, $ 3.00 jury tax, $ 10.00 court reporter fee, $ 2.50 law library fee, $ 2.00 state education fund, and $ 0.50 CCF.  *See* Exhibit F to defendants' motion for summary judgment.  As plaintiff points out, there is a discrepancy between the $ 93.00 the Greene County Circuit Clerk billed the MDOC with respect to plaintiff's lawsuit, and the $ 95.00 the MDOC indicated was due on plaintiff's inmate account statement.  Nevertheless, this $ 2.00 discrepancy is irrelevant, as plaintiff has only alleged, and submitted evidence, relating to the November 29, 2005 charge.

behalf - which is the amount billed to the MDOC by the Clerk on July 20, 2006.  Plaintiff has only raised an issue (and submitted evidence) with respect to the November 29, 2005 deduction from his account - which, as noted above - appropriately represented 20% of plaintiff's existing account balance.  The fact that the money may have been deducted from plaintiff's inmate account before the MDOC paid the filing fees to the Greene County Circuit Clerk on plaintiff's behalf is irrelevant.  Nor does plaintiff's claim that his due process rights were violated by the deduction of this money without notice or hearing have any merit, as the statute clearly authorizes the MDOC to deduct the money from his account.  Defendant Norris explained this to plaintiff before he commenced the litigation, and prior to any funds being deducted from his account with respect to the Greene County matter, plaintiff signed a "Financial Authorization" form which authorizes the MDOC to withdraw funds from his account and forward them to the Clerk of Court, pursuant to Miss. Code Ann. § 47-5-76.

CONCLUSION

For the reasons stated above, this court finds that plaintiff's motion for summary judgment should be denied, that defendants' motion for summary judgment should be granted, and that plaintiff's claims should be dismissed with prejudice.

IT IS , THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion to amend/correct [44] is granted, plaintiff's motion for summary judgment [43] is denied, defendants' motion for summary judgment [40] is granted, and plaintiff's claims are dismissed with prejudice.  A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions, if any,

are dismissed as moot.[7]

       SO ORDERED AND ADJUDGED on this the 1st day of April, 2008.

                         s/ Michael T. Parker
                         United States Magistrate Judge

---

[7] The other pending motions in this case are the following:  Motion to Clarify [42], which is an 84-page document consisting of documents irrelevant to this case; and Motion for defendants to comply with order [46], which relates to an August 7, 2007 Order [34] requiring defendants to "produce to plaintiff any letters or correspondence sent to plaintiff relating to charges made to his prison account as alleged in the complaint."  Although it is less than clear, the basis of this motion appears to be plaintiff's discovery of a letter dated November 21, 2005, which plaintiff apparently claims was not produced to him as ordered by the court.  However, plaintiff now has possession of the document, as it was attached to plaintiff's motion to amend/correct [44], and it has been considered by the court as part of the record in ruling on the motions for summary judgment.